By the Court:
It has been very properly admitted, in the argument of this case, that the deed under which the Defendant claims, covers the lands in dispute. And the only point material, to be considered, is, Whether the Plaintiff’s deed covers the same lands. If it do, he should then have been let in to prove his possession underit, and a New Trial ought to be awarded.
The principles of the c§se of Bradberry v. Hooks, decided at this Term, go the full length of deciding this cause. The deed to the Plaintiff calls for a pine at Kcet-leijs’ corner. This, the Plaintiff contends, is at K, on the plat; the Defendant, that it is at U. Now Keetley’s corner is admitted to be at U, and no pine appears at K or U. But the deed, when at Keetley's corner, then calls for a pine near Graddy Herring's fence, which is stated to^be at L ; and therefore contends the Counsel, ⅛8 the’ Plaintiff proved on the trials that when the grantor run the land, previously to making the deed to his sort the Plaintiff, the surveyor actually run the line from K *37 to L; that, therefore, this deed, which was afterwards written, though not as founded upon a plat, then made by the surveyor, shall be understood as bounded accords ?ng to the running of the surveyor. And it is moreover insisted, that as Keetley himself recognized that as his own line, that, therefore, it shall be so/
Now, it will hardly be contended, that the line funning from Keetley's corner, can alter the location of such corner; and as to the other corner, a pine near Graddy Herring's fence, though the line is to run there, yet the grantor (who, it seems, was not acquainted with the boun-dáry himself,) is cautious enough to say, that from Keci-ley's first corner called for, the line shall run to the pine near Graddy Herring's fence zvith Keetley's line. Keet-ley's line is in virtue of a‘prior ancient deed from the same grantor. The deed was upon record, and had that permanency to which it was entitled under the law; and though it contains a fixed quantity of land, yet as to the line in question, it did not profess to be bounded either by. trees or even a stake, but was to be run in such way as to include quantity. Keetley's boundary, therefore, could not be mistaken, «it could not be altered; and was not subject either to the recollection of “ old men’5 or of common report; but would, at any length of time, speak the same language anc|^ave the same effect. When that is made the line by which the line between the Plaintiff and Defendant is to run, it must speak for itself. But, with respect to the surveyor’s running off the land before the father executed the deed to the son, it cannot possibly have any influence ; for the question again recurs, What have the parties made the dividing line, by the deed, and do the! deeds lap upon each other ?
Then, as to thé conduct of Keetley in recogniziug the line contended for as his tr^e line : If, in so doing, he was guilty of a fraud* and Plaintiff was a purchaser, it *38 would be good ground for going into a Court of Equity to compel him to abide by it, but it could certainly pass no title to the Plaintiff. •
The danger of letting in evidence as to the actual intention of the parties to a deed for the purpose of controlling it when it professes to be governed by a previously existing old line, and which line is placed upon the public record of the country as well for purchasers as creditors, must be obvious to every one who believes either in the frailty or corruption of men.
Wherefore, we are all of Opinion, the rule for a New Trial should be discharged.